# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| CLARENCE LOGUE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV415-090 |
| | ) |
| TODD MARTIN AND JUNE FOGLE, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Clarence Logue, a well-known serial litigant in this Court, has submitted for filing a 42 U.S.C. § 1983 action against his public defenders, Todd Martin and June Fogle, for waiving his preliminary hearing (on August 5, 2014) in an ongoing criminal case. (Doc. 1.) He also seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 2.) That motion should be **DENIED** since Logue has accumulated three strikes under 28 U.S.C. § 1915(g) and is thus prohibited from proceeding IFP without showing that he is in imminent danger of serious physical injury.

Plaintiffs are generally required to pay a filing fee in order to institute a civil action in a federal district court. 28 U.S.C. § 1914.

Indigent prisoners may avoid *prepayment* of the filing fee under 28 U.S.C. § 1915. In order to proceed IFP, however, prisoners must surmount § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eleventh Circuit has held that a prisoner barred from proceeding IFP due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks IFP status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Logue long ago accumulated three or more dismissals on grounds of frivolity, maliciousness, or failure to state a claim. *See Logue v. Chatham County Detention Center*, No. CV410-240 (S.D. Ga. July 30, 2012)

(acknowledging Logue's three-striker status); *Logue v. Sheriff Al St. Lawrence*, No. CV410-286 (S.D. Ga. July 15, 2011) (dismissed as duplicative and for lack of exhaustion); *Logue v. Chatham County Det. Ctr.*, No. CV408-042 (S.D. Ga. May 22, 2008) (dismissed for failure to state a claim); *Logue v. Prison Health Services*, No. CV406-283 (S.D. Ga. Feb. 26, 2007) (dismissed for failure to prosecute); *Logue v. Parsons*, No. CV305-125 (S.D. Ga. Nov. 3, 2005) (dismissed for failure to prosecute); *Logue v. Chatham County Det. Ctr.*, No. 05-10983 (11th Cir. Oct. 4, 2005) (appeal dismissed for failure to state a claim and failure to exhaust remedies); *Logue v. Chatham County Detention Center*, No. CV404-218 (S.D. Ga. Feb. 9, 2005) (dismissed for failure to state a claim for relief and for lack of exhaustion); *Logue v. Chatham County Detention Center*, No. CV404-055 (S.D. Ga. Sept. 17, 2004) (dismissed for failure to prosecute)

A § 1915(g) dismissal should hardly come as a surprise to Logue, as he has been advised on multiple occasions that he is barred from proceeding IFP without showing that he is in imminent danger of serious harm. Logue has not even attempted to make such a showing here. That is, he has failed to offer any "specific allegations of present imminent

danger that may result in serious physical harm." *Skillern v. Jackson*, 2006 WL 1687752 at *2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)).

As Logue is barred by § 1915(g), his complaint should be dismissed without prejudice But even if he chooses to pay the filing fee, his case is still subject to dismissal. Logue seeks damages against his public defender for mishandling his criminal case, but § 1983 does not afford such a remedy. A defense attorney -- even one appointed by the state -- does not act under "color of state law," which is an essential element of a § 1983 claim. *Polk v. Dodson*, 454 U.S. 314, 317-19 (1981); *id.* at 325 ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

He also asks that his criminal case be dismissed. This Court, however must abstain from interrupting an ongoing state prosecution. *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) ("Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions.") (citing

*Younger v. Harris*, 401 U.S. 37 (1971)). A federal court may not enjoin a state court criminal proceeding unless: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010). Logue has not met any of the exceptions to *Younger* abstention.

Additionally, to the extent he seeks release from confinement, his claim still fails. "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement); see *Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)).

Even were the Court to construe Logue's complaint as a habeas petition, it still fails because he has not alleged that he exhausted his state court remedies, which is a precondition to such actions. 28 U.S.C. § 2254(b) (codifying common law exhaustion requirement); *Wilkinson*, 544 U.S. at 79 (all habeas corpus actions "require a petitioner to fully exhaust state remedies"); see also *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."). Nor has plaintiff substantially followed the Court's § 2254 form petition, as required by Rule 2(d) of the Rules Governing Section 2254 Cases. If he wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the applicable rules.

For all of the reasons explained above, Logue's complaint should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 20TH day of April, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA